**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

ARNOLD WEINSTEIN,             :                  CIVIL ACTION
                                       :
               Plaintiff,          :
                                       :
            v.                 :                  NO.
                                       :
CHARLES M. RITTER &          :
ASSOCIATES, INC., CHARLES M.   :
RITTER, U.S. INDUSTRIES, INC.,   :
ZURN INDUSTRIES, INC., ALEX    :
MARINI, US BRASS CORPORATION, :
FRANK SCHAETZKE, HANSGROHE, :
INC., CHRIS MARSHALL and       :
WILLIAM WALLACE,              :
                                       :
            Defendants.      :
_____:

## COMPLAINT
## Jury Trial Demanded

Plaintiff, Arnold Weinstein, brings this action for equitable relief and monetary

damages in excess of One Hundred and Fifty Thousand Dollars ($150,000) against

defendants, Charles M. Ritter & Associates, Inc., Charles M. Ritter, U.S. Industries,

Inc., Zurn Industries, Inc., Alex Marini, US Brass Corporation, Frank Schaetzke,

Hansgrohe, Inc., Chris Marshall and William Wallace, and complains as follows:

## INTRODUCTION

1.      This is an action by an experienced and highly recognized plumbing

industry manufacturer's representative against his former employer for age

discrimination in violation of federal and state statutes, and against four plumbing

products manufacturers (and certain of their agents and employees) who plaintiff's

former employer represented and presently represents, for aiding and abetting the

unlawful discriminatory acts of plaintiff's former employer.

2.      Plaintiff seeks injunctive, declaratory, monetary and other appropriate

relief to redress these intentional violations of his rights secured by the laws of the

United States and the Commonwealth of Pennsylvania, including the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.* and the

Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. §955 *et seq.*

## JURISDICTION AND VENUE

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343,

and 29 U.S.C. §626(c), all of which provide for original jurisdiction of plaintiff's claims

arising under the laws of the United States and over actions to secure equitable and

other relief.

4.      The Court has supplemental jurisdiction over plaintiff's state law based

claims pursuant to 28 U.S.C. §1367.

5.      Plaintiff has exhausted all administrative remedies, having filed timely

complaints of age discrimination with the Pennsylvania Human Relations Commission

("PHRC") and the Equal Employment Opportunity Commission ("EEOC") as required by

the individual statutes governing plaintiff's claims as set forth herein and has taken all

other action necessary to bring the present matter before this Court.

6.     The actions complained of took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve defendants that reside and conduct business within its jurisdictional limits.

7.     Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §§1391(b) and 1391(c).

## PARTIES

8.     Plaintiff, Arnold Weinstein ("Weinstein"), is a citizen of the State of New Jersey, with his address at 166A Marina Drive, Loveladies, New Jersey 08008.  He was born on April 17, 1928 and is presently seventy-four (74) years of age.

9.     Upon information and belief, defendant, Charles M. Ritter & Associates, Inc. [hereinafter "Ritter & Associates"], is a Pennsylvania corporation with its principal place of business at 406 E. Pennsylvania Avenue, Feasterville, Pennsylvania 19047. At all times relevant hereto, Ritter & Associates was an employer as defined by the ADEA and the PHRA and has transacted business within the Commonwealth of Pennsylvania and this district.

10.    Upon information and belief, Charles M. Ritter [hereinafter "Ritter"], at all times relevant to plaintiff's discharge was the owner of Ritter & Associates, supervised the employment of plaintiff and aided and abetted the unlawful discriminatory actions of defendant Ritter & Associates.

11.    Upon information and belief, defendant, U.S. Industries, Inc. [hereinafter "U.S. Industries"], maintains a principal place of business at 101 Wood Avenue South,

-3-

Iselin, NJ 08830.  At all times relevant hereto, U.S. Industries was a plumbing product manufacturer represented by Ritter & Associates, and aided and abetted plaintiff's former  employer in the unlawful acts more fully set forth herein.

12.    Upon information and belief, defendant, Zurn Industries, Inc. [hereinafter "Zurn"], is a Pennsylvania corporation with a principal place of business at 1301 Raspberry Street, Erie, PA 16502.  At all times relevant hereto, Zurn was a plumbing product manufacturer represented by Ritter & Associates, and aided and abetted plaintiff's former employer in the unlawful acts more fully set forth herein.

13.    Upon information and belief, defendant, Alex Marini [hereinafter "Marini"], at all times relevant to plaintiff's discharge was employed by Zurn at 1301 Raspberry Street, Erie, PA 16502, and aided and abetted the unlawful acts as more fully set forth herein.

14.    Upon information and belief, defendant, US Brass Corporation [hereinafter "US Brass"], maintains a principal place of business at 901 10th Street, Plano, TX 75074.  At all times relevant hereto, US Brass was a plumbing product manufacturer represented by Ritter & Associates, and aided and abetted plaintiff's former employer in the unlawful acts more fully set forth herein.

15.    Upon information and belief, defendant, Frank Schaetzke [hereinafter "Schaetzke"], at all times relevant to plaintiff's discharge was employed by US Brass at 901 10th Street, Plano, TX 75074, and aided and abetted the unlawful acts as more fully set forth herein.

16.    Upon information and belief, defendant, Hansgrohe, Inc. [hereinafter

"Hansgrohe"], is a Georgia corporation and maintains a principal place of business at 999 Peachtree Street, NE, Suite 2300, Atlanta, GA 30309.  At all times relevant hereto, Hansgrohe was a plumbing product manufacturer represented by Ritter & Associates, and aided and abetted plaintiff's former employer in the unlawful acts more fully set forth herein.

17.    Upon information and belief, defendant, Chris Marshall [hereinafter "Marshall"], at all times relevant to plaintiff's discharge was employed by Hansgrohe at 999 Peachtree Street, NE, Suite 2300, Atlanta, GA 30309, and aided and abetted the unlawful acts as more fully set forth herein.

18.    Upon information and belief, defendant, William Wallace [hereinafter "Wallace"], at all times relevant to plaintiff's discharge was employed by Hansgrohe at 999 Peachtree Street, NE, Suite 2300, Atlanta, GA 30309, and aided and abetted the unlawful acts as more fully set forth herein.

## FACTUAL BACKGROUND

19.    Plaintiff, who has been involved with the plumbing industry since 1948, first became employed as a salesman for Ritter & Associates on or about January 1, 1998.

20.    As part of his oral contract of employment with Ritter on behalf of Ritter & Associates, plaintiff referred his established representation relationships with four manufacturers/product lines (American Valve, Barclay, US Brass, and Hansgrohe) to Ritter & Associates for continued representation of their highly profitable product lines.

21.    Pursuant to this oral contract, it was agreed between Ritter and plaintiff that plaintiff would use his best efforts to maintain these relationships which he brought to his new employer during the employment relationship and, further, that plaintiff would be permitted to remain as the designated sales representative of those four manufacturers in the event that the employment relationship between Ritter & Associates and plaintiff ended.

22.    Thereafter, in reliance on his oral contract with Ritter, plaintiff commenced employment with Ritter & Associates and at all times relevant hereto carried out his assigned duties in an exemplary manner.

23.    Nevertheless, evidencing an intention to disregard the aforementioned oral employment agreement, Ritter through his agents, servants and the employees of Ritter & Associates soon subjected plaintiff to discriminatory and differential treatment because of his age.

24.    Ritter's actions evidenced his settled intent to deprive plaintiff of employment because of his age.

25.    Specifically, in furtherance of his objective to convince plaintiff to quit because of his age and thereby secure plaintiff's represented product lines for himself, on numerous occasions Ritter told various client manufacturers that the plaintiff was "too old for the job" and repeated such comments to others, including employees in his office and customers.

26.    Ritter also suggested to the plaintiff that he should retire, stating that "the manufacturers don't want you because you're too old."

27.     In or about January 2000, Ritter escalated his age-based campaign to have plaintiff quit, specifically by ceasing to make agreed-upon premium payments for the plaintiff's life insurance policy and thereby forcing plaintiff to pay the premiums himself.

28.     Despite promises to reimburse plaintiff for these payments, Ritter & Associates never repaid the expense, nor did it ever resume making the premium payments.

29.     Unable to force plaintiff to voluntarily leave the employ of the Ritter & Associates, on or about March 6, 2000, Ritter terminated plaintiff's employment without cause and because of his age (71).

30.     Furthermore, in derogation of their oral employment agreement, after plaintiff's unlawful termination Ritter took actions to prevent plaintiff from resuming full representation of the four product lines that plaintiff originally brought with him.

31.     Following his termination of plaintiff's employment, Ritter has repeatedly interfered with plaintiff's long-standing relationships with those manufacturers, suggesting that plaintiff was too old to maintain a long-term relationship with, or do an effective job for the supply companies, and that they should not remain with him.

32.     Upon information and belief, Marini on behalf of Zurn aided and abetted Ritter in the termination of plaintiff's employment because of his age and in the termination of plaintiff's relationship with the product line.

33.     Following plaintiff's termination from employment with Ritter & Associates, Zurn terminated its representation relationship with plaintiff without cause unrelated to

his age.

34.     Upon information and belief, Schaetzke on behalf of US Brass aided and abetted Ritter in the termination of plaintiff's employment because of his age and in the termination of plaintiff's relationship with the product line.

35.     Following plaintiff's termination from employment with Ritter & Associates, US Brass terminated its representation relationship with plaintiff without cause unrelated to his age.

36.     Upon information and belief, Marshall and Wallace on behalf of Hansgrohe aided and abetted Ritter in the termination of plaintiff's employment because of his age and in the termination of plaintiff's relationship with the product line.

37.     Following plaintiff's termination from employment with Ritter & Associates, Hansgrohe terminated its representation relationship with plaintiff without cause unrelated to his age.

38.     The actions of U.S. Industries, Zurn, Marini, US Brass, Schaetzke, Hansgrohe, Marshall and Wallace were taken to aid and abet Ritter's objective to terminate the employment of plaintiff because of his age and to terminate plaintiff's relationship with the product line.

39.     As a direct result of the deliberate, unlawful and malicious actions of defendants, plaintiff has suffered a loss of employment, benefits, earnings and earnings potential.

40.     As a direct result of the deliberate, unlawful and malicious actions of defendants, plaintiff has suffered emotional distress, anxiety, depression, humiliation, a

loss of life's pleasures, the loss of self-esteem, and a painful diminution of his ability to provide himself and his family with the earned rewards of excellence in his chosen profession.

## COUNT I

### [Against Defendant Ritter & Associates]

### Defendant Violated the Age Discrimination in Employment Act, [29 U.S.C. §§621, *et seq.*]["ADEA"]

41.    Plaintiff repeats and restates the allegations contained in paragraphs 1 through 40 above as though fully set forth herein.

42.    Defendant Ritter & Associates, violated the Age Discrimination in Employment Act, in that it intentionally discriminated against plaintiff because of his age as evidenced by, *inter alia*:

(a)    the discriminatory age-based comments made to co-employees of plaintiff, customers and manufacturers represented by plaintiff, and

(b)    the termination of plaintiff's employment because of his age.

43.    Defendant Ritter & Associates', actions were willful, malicious and in reckless disregard of plaintiff's rights as secured by the provisions of the ADEA.

## COUNT II

**[Against All Defendants]**

**Defendants Violated the Pennsylvania
Human Relations Act, [43 Pa. §955, *et seq.*]["PHRA"]**

44.     Plaintiff repeats and restates the allegations contained in paragraphs 1

through 43 above as though fully set forth herein.

45.     Defendant Ritter & Associates, violated the Pennsylvania Human

Relations Act, in that it intentionally discriminated against plaintiff because of his age as

evidenced by, *inter alia*:

       (a)     the discriminatory age-based comments made to co-employees of

plaintiff, customers and manufacturers represented by plaintiff, and

       (b)     the termination of plaintiff's employment because of his age.

46.     Defendant Ritter aided and abetted the discriminatory practices of Ritter &

Associates as aforesaid in order to effectuate the termination of plaintiff's employment

with Ritter & Associates and the termination of plaintiff's representation of his product

lines.

47.     Defendants, Zurn and Marini, aided and abetted the discriminatory

practices of Ritter & Associates as aforesaid in order to effectuate the termination of

plaintiff's employment with Ritter & Associates and the termination of their

representation relationship with plaintiff.

48.     Defendants, US Brass and Schaetzke, aided and abetted the

discriminatory practices of Ritter & Associates as aforesaid in order to effectuate to

termination of plaintiff's employment with Ritter & Associates and the termination of

their representation relationship with plaintiff.

49.    Defendants, Hansgrohe, Marshall and Wallace, aided and abetted the discriminatory practices of Ritter & Associates as aforesaid in order to effectuate the termination of plaintiff's employment with Ritter & Associates and the termination of their representation relationship with plaintiff.


**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that this Court:

(a)    enter a declaratory judgment that defendants' acts complained of herein violated the rights of plaintiff as secured to him by the controlling federal and state legislative enactments;

(b)    award to plaintiff compensatory and consequential damages including past and future loss of earnings, benefits and professional growth opportunities in a proper and adequate monetary amount;

(c)    award to plaintiff damages for emotional distress, humiliation, the loss of self-esteem, the loss of life's pleasures, and the loss of his ability to provide himself and his family with the earned rewards of excellence in his chosen profession;

(d)    grant to plaintiff liquidated damages in accordance with the provisions of the ADEA;

(e)    grant to plaintiff pre-judgment interest in an appropriate amount;


(f)    grant to plaintiff costs, disbursements, and reasonable attorney's fees; and

-11-

(g)     grant to plaintiff such other additional relief as this Court deems just and proper under the circumstances of this case.


_____
Alan B. Epstein
Peter R. Rosenzweig
SPECTOR GADON & ROSEN. P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8888

Attorneys for Plaintiff,
Arnold Weinstein


Dated:  June 18, 2002