IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARNOLD WEINSTEIN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 02-CV-3836 |
| CHARLES M. RITTER & ASSOCIATES, INC., ET AL., | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION
TO DISMISS OF DEFENDANTS CHRIS MARSHALL AND WILLIAM WALLACE**

Plaintiff, Arnold Weinstein ("Weinstein"), by and through his attorneys, Alan B. Epstein, Esquire and Peter R. Rosenzweig, Esquire, submits this Memorandum of Law in Opposition to the Motion to Dismiss of Defendants Chris Marshall ("Marshall") and William Wallace ("Wallace") (collectively referred to as "defendants") and submits that for the reasons detailed below, the Motion to Dismiss should be denied in its entirety and that this action should proceed against all Defendants on the sole count in the First Amended Complaint. In the alternative, if it is found that the allegations in the First Amended Complaint are deficient in the manner urged by defendants, Weinstein respectfully requests brief leave to amend the First Amended Complaint to include greater specificity.

**I.      INTRODUCTION**

In this case, Weinstein has brought claims of age discrimination against Ritter & Associates (his former employer), Charles Ritter (the owner of Ritter & Associates) and several plumbing product manufacturers that maintained business relationships with Ritter & Associates. Weinstein's claims arise out of the termination of his employment as a sales representative for Ritter & Associates. Weinstein has claimed that Ritter & Associates terminated his employment because of his advanced age and that the affiliated plumbing product manufacturers, through their representatives, agents and employees, aided and abetted the unlawful discrimination by encouraging and facilitating the ultimate decision to terminate Weinstein's employment. One such culpable manufacturer is Hansgrohe, Inc. ("Hansgrohe"), which at all times acted through its President, Marshall, and its Eastern Region Sales Manager, Wallace.

Though Hansgrohe has already answered the First Amended Complaint, Marshall and Wallace have filed the present Motion to Dismiss arguing that Weinstein's claims against them should be dismissed because (1) this Court lacks personal jurisdiction over them; and (2) the First Amended Complaint fails to state claims against them for aiding and abetting under the Pennsylvania Human Relations Act. As will be shown below, however, Marshall and Wallace have, in fact, had more than sufficient business contacts within the Commonwealth of Pennsylvania such that this Court's assertion of jurisdiction over them is proper, and that the First Amended Complaint has adequately stated claims against Marshall and Wallace in their official capacities on behalf of Hansgrohe.

**II.     STATEMENT OF THE CASE**

### A.    Procedural History

On August 14, 2000, Weinstein filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC").  See Exhibit "1."  This Complaint of Discrimination, which specifically detailed the discriminatory acts of his employer, Ritter & Associates, and the aiding and abetting of those acts by several other entities and individuals, was dual filed with the Equal Employment Opportunity Commission ("EEOC"). Following an administrative investigation by the PHRC, Weinstein's Complaint of Discrimination was administratively closed and he was advised of his right to sue.

Thereafter, on June 18, 2002, Weinstein filed a two-count Complaint which asserted claims under the Age Discrimination in Employment Act, 29 U.S.C. §§621, et seq. ["ADEA"] and the Pennsylvania Human Relations Act, 43 Pa. §§955, et seq. ["PHRA"].  Later, on August 20, 2002, Weinstein filed a First Amended Complaint which contains only one count seeking relief under the PHRA.  See Exhibit "2."[1]  On September 19, 2002, defendants Marshall and Wallace filed the present Motion to Dismiss to which this response is directed.

### B.    Statement of Relevant Facts

Weinstein has been involved in the plumbing products industry as a manufacturers

---

[1] Defendants Charles Ritter and Ritter & Associates filed an Answer to the Complaint, however, have not filed an Answer to the First Amended Complaint.  Defendant Hansgrohe has filed an Answer to the First Amended Complaint.  Pursuant to a Stipulation between the parties, defendants Zurn, Marini and US Brass have up to and including November 18, 2002 to answer, move or otherwise respond to the First Amended Complaint.  Service of the First Amended Complaint has not yet been made on defendant Schaetzke.

sales representative since 1948.  Exhibit "2," ¶17.  In January 1998, Weinstein commenced employment with Ritter & Associates, a manufacturers representative sales agency for plumbing products, located in Feasterville, Pennsylvania.  Exhibit "2," ¶17.  As part of his oral contract of employment with Ritter & Associates, Weinstein referred his already established representation relationships with four manufacturers/product lines, including Hansgrohe, to Ritter & Associates for continued representation of their highly profitable product lines.  Exhibit "2," ¶18.  Pursuant to this oral contract, it was agreed that Weinstein would use his best efforts to maintain the relationships which he brought to Ritter & Associates during the employment relationship and, further, that he would be permitted to remain as the designated sales representative of the referred manufacturers in the event that the employment relationship ended.  Exhibit "2," ¶19.  Thereafter, in reliance on his oral contract, Weinstein carried out his duties as a sales representative for Ritter & Associates, including the sales of Hansgrohe products, in an exemplary manner.  Exhibit "2," ¶20.

   During the course of his employment, however, Ritter subjected Weinstein to discriminatory and differential treatment because of his age.  Exhibit "2," ¶21.  Ritter's discriminatory treatment of Weinstein was evidenced by multiple age-based remarks to various manufacturers, customers and co-workers of Weinstein, and by the unilateral termination of certain of Weinstein's employment benefits.  Exhibit "2," ¶¶23 - 26.  Ultimately, Ritter terminated Weinstein's employment without cause in March 2000.  Exhibit "2," ¶27.  Weinstein was seventy-one (71) years old at the time of the termination.  Exhibit "2," ¶27.

Ritter, however, did not act alone in carrying out this discriminatory treatment. At all times during Weinstein's employment with Ritter & Associates, Marshall in his capacity of President of Hansgrohe and Wallace in his capacity as Eastern Region Sales Manager of Hansgrohe, aided, abetted and encouraged Ritter's decision to terminate Weinstein's employment on the basis of his age. Exhibit "2," ¶¶34 - 36. They, like Ritter, decided that Weinstein was too old to represent Ritter & Associates and sell the products of Hansgrohe.

It is submitted that the allegations in the First Amended Complaint have provided Marshall and Wallace with adequate notice of the claims against them. Albeit that the allegations have not specified their respective positions at Hansgrohe or delineated each of their multiple contacts with Pennsylvania, collectively they are sufficient enough to survive the present Motion to Dismiss.

## III.   DISCUSSION

### A.   Standard of Review for a Motion to Dismiss

"In determining whether to grant a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), [the court] is required to accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). "Dismissal is appropriate under Rule 12(b)(6) only when a plaintiff has alleged no set of facts which, if proved, would entitle the plaintiff to relief." Id. See also Hishon v. King & Spalding, 467 U.S. 69 (1984) (Rule 12(b)(6) permits the dismissal of a complaint for failure to state a

claim only if it appears to a certainty that no relief could be granted under any set of facts which could be proved at time of trial). Because dismissal of a complaint under Rule 12(b)(6) results in a determination on the merits at such an early stage in the proceeding, the court must accept as true all well pleaded allegations, and draw all reasonable conclusions and inferences therefrom in favor of the plaintiff, construing the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). In evaluating a Rule 12(b)(6) motion for failure to state a claim, a court may consider the complaint, exhibits attached to the complaint, matters of public record, and undisputably authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).

As will be shown below, it is evident that in accepting all the facts in the First Amended Complaint as true and drawing all reasonable inferences therefrom, that Weinstein has presented sufficient facts to establish a basis for the claims alleged against defendants Marshall and Wallace. Therefore, because Weinstein has alleged sufficient facts which could entitle him to relief on his claims against Marshall and Wallace, the present Motion to Dismiss should be denied.

    1.    **The Motion to Dismiss Must be Reviewed In Accord With This Court's Liberal Notice Pleading Requirements**

Defendants' argument that the purported lack of precise specificity in the First

Amended Complaint requires dismissal of the claims asserted against them is unavailing in light of the applicable liberal notice pleading requirements.

"Generally, in federal civil cases, a claimant does not have to set out in detail the facts upon which a claim is based, but must merely provide a statement sufficient to put the opposing party on notice of the claim." Weston v. Commonwealth of Pennsylvania, *et al.*, 251 F.3d 420, 428 (3d Cir. 2001); *see* Fed. R. Civ. P. 8; Remick v. Manfredy, 238 F.3d 248, 264 (3d Cir. 2001); Foulk v. Donjon Marine Co., 144 F.3d 252 (3d Cir. 1998). In Conley v. Gibson, 355 U.S. 41, 47-48 (1957), the Supreme Court set out the proper role of pleadings:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

Id. (citations omitted); *see also* Universe Tankships, Inc. v. United States, 528 F.2d 73, 75 (3d Cir. 1975) (notice pleading requires a party only to disclose adequate information as the basis of his claim for relief); Quinones v. United States, 492 F.2d 1269, 1273 (3d Cir. 1974) (a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief); Powell v. Ridge, 189 F.3d 387, 394 (3d Cir. 1999) (a plaintiff need not allege all the facts necessary to prove its claim); Gooding v. Warner-Lambert Co., 744 F.2d 354, 357-59 (3d Cir. 1984) (eschewing 'highly technical pleading rules, which only serve to trap the unwary practitioner,' in favor of notice pleading).  **"Discrimination and other civil rights claims are clearly subject to notice pleading."**  (emphasis added) Weston at 429.

Weinstein has provided adequate information to put Marshall and Wallace on notice of his claims against them.  Further, Marshall and Wallace have not, and cannot, establish beyond doubt that Weinstein can prove no set of facts in support of his claims.  Weinstein should certainly have the opportunity for discovery to substantiate the claims asserted.

### 2. Marshall's and Wallace's Contacts with the Commonwealth of Pennsylvania Warrant this Court's Assertion of Personal Jurisdiction Over Them

Despite defendants' assertions to the contrary, each has had multiple contacts with Pennsylvania, on behalf of Hansgrohe, which warrant this Court's assertion of jurisdiction over them for the aiding and abetting claims contained in the First Amended Complaint.

"A federal court may exercise personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."  Bane v. Netlink, Inc., 925 F.2d 637, 639 (3d Cir. 1991); *citing* Fed. R. Civ. P. 4(e); Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n., 819 F.2d 434, 436 (3d Cir. 1987).  "In Pennsylvania, the applicable statute provides that 'the jurisdiction of the tribunals of this Commonwealth

shall extend to all persons who are not within the scope of section 5301 ... to the fullest extent allowed under the Constitution of the United States.'" Id.; *citing* 42 Pa. Cons. Stat. Ann. §5322 (Purdon 1981).

"The Supreme Court has held that when a controversy is related to or arises out of the contacts defendant purposefully established in the forum state, the forum may constitutionally assert jurisdiction." Id.; *citing* Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). "On the other hand, due process is also not offended by the assertion of jurisdiction when the defendant has maintained continuous and substantial forum affiliations, whether or not the cause of action is related to those affiliations." Id.; *citing* Helicopteros at 414-16; *see also* North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 690 n. 2 (3d Cir.) (*per curiam*), *cert. denied*, 498 U.S. 847 (1990).

In Provident National Bank, the Third Circuit stated "... that the plaintiff bears the burden of proof once a defendant raises a jurisdictional defense and must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." 819 F.2d at 437 (*quoting* Helicopteros, *supra,* at 414, 416). "Plaintiffs must support this burden through 'sworn affidavits or other competent evidence.'" Perry v. Markman Capital Management, Inc., 2002 U.S. Dist. LEXIS 19103, *7, 8 (E.D. Pa. October 4, 2002), attached hereto as Exhibit "3;" *citing* North Penn Gas Co., *supra,* at 689. "Plaintiffs meet their burden by making a prima facie showing that jurisdiction exists." Id. at 8; *citing* PSFS v. Farino, 960 F.2d

1217, 1223 (3d Cir. 1992).

Accepting as true the facts alleged in the First Amended Complaint and drawing all reasonable inferences that can be drawn therefrom, it is apparent that Weinstein has presented sufficient allegations to demonstrate that personal jurisdiction over Marshall and Wallace exists.  Specifically, it is alleged that " ... Hansgrohe, defendants' employer, was a plumbing manufacturer represented by Ritter & Associates, and aided and abetted Weinstein's former employer in the unlawful acts more fully set forth herein."  Exhibit "2," ¶14.  Further, that " ... Marshall and Wallace on behalf of Hansgrohe aided and abetted Ritter in the termination of Weinstein's employment because of his age and in the termination of Weinstein's relationship with the product line."  Exhibit "2," ¶¶15, 16 & 34.  Hansgrohe, which has not disputed personal jurisdiction, even admits that it has had an independent contracting arrangement with Ritter & Associates (located in Pennsylvania) for sales representation of its product lines.  See Exhibit "4," ¶14.  Hansgrohe's admitted relationship with Ritter & Associates undeniably establishes Hansgrohe's contact with Pennsylvania.  It logically follows, therefore, that all of Marshall's and Wallace's actions with Ritter & Associates, on behalf of Hansgrohe, created their contacts with Pennsylvania, such that they individually cannot now argue that they are not subject to jurisdiction here.

More importantly, however, notwithstanding the unequivocal proclamation in the Motion to Dismiss that they do not have even minimum contacts with Pennsylvania, Weinstein's affidavit establishes that they do.

- ***During Weinstein's employment with Ritter & Associates,***

> *there were several instances when Marshall, as President of Hansgrohe, was present in Pennsylvania to meet with Ritter and conduct other business. Specifically, in the Spring of 2000, along with Wallace, Marshall had a business meeting in Southampton, Pennsylvania at the showroom of US Supply, a customer of Ritter & Associates that purchases Hansgrohe products. Further, there were additional instances during Weinstein's employment with Ritter & Associates when Marshall was in Pennsylvania on behalf of Hansgrohe to interview sales representatives similar to Weinstein. Exhibit "5," ¶8.*

> - *Similarly, there were many instances during Weinstein's employment with Ritter & Associates when Wallace was present in Pennsylvania conducting business as the Eastern Region Sales Manager of Hansgrohe. There were approximately eight occasions between March and September of 2000 when Wallace had business meetings with Charles Ritter at Ritter & Associates' office. Additionally, there were approximately eight occasions when Wallace, on behalf of Hansgrohe, accompanied William Durkin, a salesman for Ritter & Associates, on sales calls to sell Hansgrohe products to customers within Pennsylvania. Exhibit "5," ¶9.*

Albeit difficult for Weinstein, without any discovery, to determine whether either Marshall's or Wallace's meetings with Ritter in Pennsylvania were for the purpose of discussing and formulating the plan to terminate Weinstein's employment because of his age, which would support a basis for specific jurisdiction, it is evident that their continuous and systematic visits to and meetings within Pennsylvania as just described, suffice to establish general jurisdiction. Weinstein, through the attached affidavit, has met his prima facie showing that jurisdiction does exist over Marshall and Wallace. Both Marshall and Wallace have purposefully availed themselves to Pennsylvania vis-a-vis the contacts described above, thus, making it fair and reasonable to hale them into this Court. Therefore, because personal jurisdiction does exist over Marshall and Wallace, the Motion

to Dismiss on this basis must be denied.

### 3. Weinstein Has Presented Sufficient Allegations to Put Marshall and Wallace on Notice of the Aiding and Abetting Claims Against Them in Their Supervisory Capacities

Though the First Amended Complaint does not specify as such, Weinstein's claim against Marshall and Wallace is that in their corporate and supervisory capacities, on behalf of Hansgrohe, they aided and abetted Ritter's decision to terminate Weinstein's employment because of his advanced age. Defendants' assumption that Weinstein now seeks relief against them in their individual capacities is incorrect. To the contrary and as expressed several times in the First Amended Complaint, it is alleged that the defendants were employed by Hansgrohe and acted on behalf of Hansgrohe, allegations which are sufficient to put defendants on notice that the claims are against them in their official, corporate and supervisory capacities as representatives of Hansgrohe, not as individuals. Exhibit "2," ¶¶15, 16 & 34. Additionally, at all relevant times, with respect to Hansgrohe, Marshall has held the position of President and Wallace the position of Eastern Region Sales Manager. Exhibit "5," ¶6. Their titles alone certainly convey the message that they not only had authority over Hansgrohe's relationship with Ritter & Associates, but that they also had supervisory authority over Weinstein as a sales representative selling Hansgrohe products. Finally, defendants' argument under Destefano v. Henry Mitchell Co. is wrong. Again, the First Amended Complaint has plead sufficient facts to present a claim that Marshall and Wallace, in their supervisory, corporate capacities, on behalf of Hansgrohe,

shared a common purpose with Ritter & Associates, *i.e.*, get rid of Weinstein because he was too old. 2000 U.S. Dist. LEXIS 4290 (E.D. Pa. April 6, 2000), attached hereto as Exhibit "6." At this stage, the task is not to decide the merits of the case, but merely to determine whether Weinstein has presented sufficient allegations to put Marshall and Wallace on notice of the claim that they shared a common (and unlawful) purpose with Ritter & Associates -- and he has done so. Thus, dismissal of this claim under the reasoning in <u>Destefano</u> is not warranted.

It is evident, therefore, the Weinstein has presented allegations to state a claim under 43 Pa.C.S.A. §955(e) against Marshall and Wallace sufficient to withstand defendants' request for dismissal. If, however, it is decided that the allegations in the First Amended Complaint do not adequately state claims for aiding and abetting liability against Marshall and Wallace in their supervisory capacities, Weinstein respectfully requests brief leave to amend the First Amended Complaint to include specific allegations that relief is being sought against Marshall in his official, supervisory capacity as President of Hansgrohe and that relief is being sought against Wallace in his official, supervisory capacity as Eastern Region Sales Manager of Hansgrohe.

**IV.    CONCLUSION**

For all of the reasons detailed above, it is respectfully requested that after accepting as true all the facts alleged in the First Amended Complaint and drawing all reasonable conclusions and inferences therefrom in favor of Weinstein, that the present requests to dismiss the claims against defendants Marshall and Wallace be denied. In the

alternative, it is respectfully requested that Weinstein be granted brief leave to amend the First Amended Complaint to include greater specificity.

                Respectfully submitted,

                _____
                Alan B. Epstein
                Peter R. Rosenzweig
                SPECTOR GADON & ROSEN, P.C.
                Seven Penn Center
                1635 Market Street, 7th Floor
                Philadelphia, PA 19103
                (215) 241-8888

                Attorneys for Plaintiff, Arnold Weinstein

Dated: November 4, 2002

## **CERTIFICATE OF SERVICE**

I, Peter R. Rosenzweig, Esquire, hereby certify that I caused a true and correct copy of the foregoing Plaintiff's Response in Opposition to the Motion to Dismiss of Defendants Chris Marshall and William Wallace to be served upon counsel for Defendants on this 4th day of November, 2002, via first class U.S. Mail, at the addresses indicated:

Allegra J. Lawrence, Esquire
SUTHERLAND, ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, GA 30309-3996
Attorney for Defendants Marshall and Wallace

Walter Jenkins, Esquire
Palmer & Barr, P.C.
Grove Summit Office Park, Suite E3
607 Easton Road
Willow Grove, PA 19090-2539
Attorney for Defendants Marshall and Wallace

Daniel B. Pierson, V, Esquire
Heaney & Kilcoyne, LLC
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
Attorney for Defendants Charles Ritter and Ritter & Associates

Wayne J. Aaron, Esquire
Zurn Industries, Inc.
P.O. Box 709001
Dallas, TX 75370-9001
Attorney for Defendants Zurn Industries, Inc., Alex Marini and US Brass

_____
PETER R. ROSENZWEIG